UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIANE DUNCAN,

          Plaintiff,

    v.

STATE OF CALIFORNIA, et al.,

          Defendants.
                              /

NO. CIV. S-04-523 LKK/PAN

O R D E R

Pending on the court's August 7, 2006 law and motion calendar is defendants' motion for reconsideration of the court's June 12, 2006 order in the above-captioned case. Given the straightforward nature of the disposition of the motion, the court resolves the matter on the defendant's moving papers.

**I.**

**STANDARDS**

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided

1

by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)).  Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice.  See Alexander, 106 F.3d at 876.

Motion to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling.  See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990).  Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration.  See id.  These relatively restrictive

standards "reflect[] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

## II.

## ANALYSIS

Defendants maintain that the court erred in stating that there was no evidence that plaintiff was engaged in criminal activity, thereby permitting plaintiff to assert an "as applied" claim against the defendants' jail release provisions. See Defs.' Mot. to Recon. at 2:23-26. Defendants submit that there was ample evidence of plaintiff's criminal activity. Namely, that plaintiff was arrested and that plaintiff did not dispute that there was probable cause to arrest her. See id. at 3. This argument is unavailing. Defendants cite to no authority to support their position and, indeed, none exists. Accordingly, defendants fail to demonstrate that there has been any change in the controlling law or facts, or that there is a need to correct a clear error, or prevent manifest injustice.

As the court explained in its June 12 order, the mere fact that plaintiff was arrested, without more, does not establish that plaintiff was engaged in criminal activity. See June 12, 2006 Order at 14:21. It is undisputed that the arrest report was not completed, and that plaintiff was never charged with any criminal offense. The contention that an arrest, without more, constitutes evidence of criminal activity is without merit.

////

1  The fact that plaintiff was arrested does not support the
2 inference that there was probable cause that plaintiff engaged in
3 criminal activity. Within the context of mass arrests, people are
4 often arrested without particularized probable cause, and thus
5 defendants' obligation to demonstrate probable cause "cannot be
6 undercut or avoided by simply pointing to the fact that
7 coincidently there exists probable cause to search or seize
8 another." Ybarra v. Illinois, 444 U.S. 85, 91 (1979); see also
9 Maryland v. Pringle, 540 U.S. 366 (2003) (the belief of guilt in
10 a probable cause determination must be particularized with respect
11 to the person to be searched or seized).

12  As the D.C. Circuit explained, "an officer cannot predicate
13 a search or seizure on an individual's 'mere propinquity to others
14 independently suspected of criminal activity.'" Barham v. Ramsey,
15 434 F.3d 565, 573 (D.C. Cir. 2006) (citing Ybarra, 444 U.S. at 91).
16 In Barham, the court concluded that a mass arrest violated
17 plaintiffs' Fourth Amendment rights by detaining them without
18 particularized probable cause. Id. It is also well-established
19 that the "existence of probable cause be decided by a neutral and
20 detached magistrate." Gerstein v. Pugh, 420 U.S. 103, 112 (1975).
21 This requirement arises from the fact that arrest does not, on its
22 own, support an inference that there was probable cause that
23 the arrestee engaged in criminal activity. Put somewhat
24 differently, even if an arrest was sufficient to infer probable
25 cause, which it is not, given that the issue arises in the context
26 of a motion for summary judgment, the court is obligated to draw

4

1  all inferences in favor of the non-moving party.  <u>United States v.</u>
2  <u>Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).
3       For these reasons, defendants' motion for reconsideration is
4  DENIED.  The hearing currently set for August 7, 2006 is hereby
5  VACATED.
6       IT IS SO ORDERED.
7       DATED: July 7, 2006.

                                  _____
                                  LAWRENCE K. KARLTON
                                  SENIOR JUDGE
                                  UNITED STATES DISTRICT COURT

5